UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN HARTEL, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SELECTQUOTE, INC., TIM DANKER, and RAFFAELE SADUN,<br><br>　　　　　　　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Stephen Hartel ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by SelectQuote, Inc. ("SelectQuote" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by SelectQuote; and (c) review of other publicly available information concerning SelectQuote.

## NATURE OF THE ACTION AND OVERVIEW

1. This is a class action on behalf of persons and entities that purchased or otherwise acquired SelectQuote securities between February 8, 2021 and May 11, 2021, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2. SelectQuote is a direct-to-consumer distribution platform that offers complex senior health, life, and auto & home insurance policies from a curated panel of insurance carriers.

3. On May 11, 2021, SelectQuote held a conference call in connection with its third quarter 2021 financial results during which it disclosed that its fourth quarter results would be impacted by a "negative cohort and tail adjustment" due to "lower second-term persistency for the 2019 cohort."

4. On this news, the Company's share price fell $5.50, or 20%, to close at $21.90 per share on May 12, 2021, on unusually heavy trading volume.

5. Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business,

1

operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that SelectQuote's 2019 cohort was underperforming; (2) that, as a result, the Company's financial results would be adversely impacted; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

6. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.

10. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

**PARTIES**

11. Plaintiff Stephen Hartel, as set forth in the accompanying certification, incorporated by reference herein, purchased SelectQuote securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12. Defendant SelectQuote is incorporated under the laws of Delaware with its principal executive offices located in Overland Park, Kansas. SelectQuote's common stock trades on the New York Stock Exchange ("NYSE") under the symbol "SLQT."

13. Defendant Tim Danker ("Danker") was the Chief Executive Officer ("CEO") of SelectQuote at all relevant times.

14. Defendant Raffaele Sadun ("Sadun") was the Chief Financial Officer ("CFO") of SelectQuote at all relevant times.

15. Defendants Danker and Sadun (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

16. SelectQuote is a direct-to-consumer distribution platform that offers complex senior health, life, and auto & home insurance policies from a curated panel of insurance carriers.

### Materially False and Misleading Statements Issued During the Class Period

17. The Class Period begins on February 8, 2021. On that day, after the market closed, SelectQuote announced its second quarter 2021 financial results in a press release that stated, in relevant part:

**Second Quarter of Fiscal Year 2021 - Consolidated Earnings Highlights**

- Revenue of $358.3 million, Up 103% Year-Over-Year

- Net Income of $90.4 million, improvement of $51.3 million Year-Over-Year

- Adjusted EBITDA of $129.5 million, Up 88% Year-Over-Year*

- Raising Full-Year 2021 Revenue, Net Income and Adjusted EBITDA Guidance:

    o   Revenue expected in a range of $920 million to $940 million

    o   Net Income expected in a range of $138 million to $146 million

    o   Adjusted EBITDA expected in a range of $230 million to $240 million*

18. The above statements identified in ¶ 17 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that SelectQuote's 2019 cohort was underperforming; (2) that, as a result, the Company's financial results would be adversely impacted; and (3) that, as a result of the foregoing, Defendants' positive statements about

4

the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

**Disclosures at the End of the Class Period**

19.     On May 11, 2021, after the market closed, SelectQuote held a conference call in connection with its third quarter 2021 financial results, which were reported the same day in a press release. During the call, Defendant Sadun stated that fourth quarter results would be impacted by a "negative cohort and tail adjustment" due to "lower second-term persistency for the 2019 cohort." He continued that "[t]his was factored into our guidance that we gave in February and that assumption is consistent with our updated guidance today."

20.     During the call, an analyst asked for more details regarding the second-term persistency and factors that could be driving it. Defendant Sadun responded:

> [W]e do our sort of cohort tail analysis once a year for our PDP products as it is one sort of renewal period in January. So that always happens in the fourth quarter. Consistent with what we've been saying for the last couple of quarters, that specific cohort has been underperforming, some of these cohorts have been underperforming and so that's basically what we're seeing play through here. Some of those cohorts will probably use the constraints we have for them and as a result of that, that will result in sort of the probe or tail adjustment in fourth quarter.
>
> In terms of what's driving that, I think, you know, before we sort of say that the introduction of a low key and the ability for seniors to change more frequently, now is probably impacting that. I think we have made some changes since then in terms of our technology and our process for a better drug and doctor matching and we're seeing some of that play through into the more recent cohorts. But that cohort specifically is – some of those cohorts are underperforming.

21.     On this news, the Company's share price fell $5.50, or 20%, to close at $21.90 per share on May 12, 2021, on unusually heavy trading volume.

**CLASS ACTION ALLEGATIONS**

22.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased

5

or otherwise acquired SelectQuote securities between February 8, 2021 and May 11, 2021, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

23. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, SelectQuote's shares actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Millions of SelectQuote shares were traded publicly during the Class Period on the NYSE. Record owners and other members of the Class may be identified from records maintained by SelectQuote or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

24. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

25. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

26. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of SelectQuote; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## **UNDISCLOSED ADVERSE FACTS**

28. The market for SelectQuote's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, SelectQuote's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired SelectQuote's securities relying upon the integrity of the market price of the Company's securities and market information relating to SelectQuote, and have been damaged thereby.

29. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of SelectQuote's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. The statements and omissions were materially false

and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about SelectQuote's business, operations, and prospects as alleged herein.

30.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about SelectQuote's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

31.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

32.     During the Class Period, Plaintiff and the Class purchased SelectQuote's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

33.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were

materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding SelectQuote, their control over, and/or receipt and/or modification of SelectQuote's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning SelectQuote, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

34. The market for SelectQuote's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, SelectQuote's securities traded at artificially inflated prices during the Class Period. On April 6, 2021, the Company's share price closed at a Class Period high of $32.28 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of SelectQuote's securities and market information relating to SelectQuote, and have been damaged thereby.

35. During the Class Period, the artificial inflation of SelectQuote's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about SelectQuote's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of SelectQuote and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially

inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

36. At all relevant times, the market for SelectQuote's securities was an efficient market for the following reasons, among others:

(a) SelectQuote shares met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

(b) As a regulated issuer, SelectQuote filed periodic public reports with the SEC and/or the NYSE;

(c) SelectQuote regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d) SelectQuote was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

37. As a result of the foregoing, the market for SelectQuote's securities promptly digested current information regarding SelectQuote from all publicly available sources and reflected such information in SelectQuote's share price. Under these circumstances, all purchasers of SelectQuote's securities during the Class Period suffered similar injury through their purchase of SelectQuote's securities at artificially inflated prices and a presumption of reliance applies.

38. A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

39. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of SelectQuote who knew that the statement was false when made.

## FIRST CLAIM

### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder
### Against All Defendants

40. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

41. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase SelectQuote's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

42. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for SelectQuote's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

43. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about SelectQuote's financial well-being and prospects, as specified herein.

44. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course

12

of conduct as alleged herein in an effort to assure investors of SelectQuote's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about SelectQuote and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

45.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

46.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and

for the purpose and effect of concealing SelectQuote's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

47.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of SelectQuote's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired SelectQuote's securities during the Class Period at artificially high prices and were damaged thereby.

48.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that SelectQuote was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their SelectQuote securities,

or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

49. By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

51. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

52. Individual Defendants acted as controlling persons of SelectQuote within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

15

53. In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

54. As set forth above, SelectQuote and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| Dated: August 16, 2021 | By: */s/ Gregory B. Linkh*<br>**GLANCY PRONGAY & MURRAY LLP**<br>Gregory B. Linkh (GL-0477)<br>230 Park Ave., Suite 530<br>New York, NY 10169<br>Telephone: (212) 682-5340<br>Facsimile: (212) 884-0988<br>glinkh@glancylaw.com<br><br>Robert V. Prongay<br>Charles H. Linehan<br>Pavithra Rajesh<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160<br><br>**THE LAW OFFICES OF FRANK R. CRUZ**<br>Frank R. Cruz<br>1999 Avenue of the Stars, Suite 1100<br>Los Angeles, CA 90067<br>Telephone: (310) 914-5007<br><br>*Attorneys for Plaintiff Stephen Hartel* |

# SWORN CERTIFICATION OF PLAINTIFF

# SELECTQUOTE, INC. SECURITIES LITIGATION

I, Stephen A. Hartel, certify that:

1. I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf.

2. I did not purchase the SelectQuote, Inc. securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in SelectQuote, Inc. securities during the Class Period set forth in the Complaint are as follows:

    (See attached transactions)

5. I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

7/8/2021                                          *Steve Hartel*

_____                    _____

Date                                                              Stephen A. Hartel

**Stephen A. Hartel's Transactions in SelectQuote, Inc. (SLQT)**

| Date | Transaction Type | Quantity | Unit Price |
|---|---|---|---|
| 4/9/2021 | Bought | 79 | $31.7800 |
| 4/12/2021 | Bought | 1 | $31.3150 |
| 5/11/2021 | Bought | 11 | $27.4200 |