UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
STEPHEN HARTEL, individually and on behalf of
all others similarly situated,

                        Plaintiff,

       v.

SELECTQUOTE, INC., et al.,

                        Defendants.

**ORDER CONSOLIDATING CASES AND APPOINTING LEAD PLAINTIFF AND COUNSEL**

21 Civ. 6903 (AKH)

------------------------------------------------------------- X
WEST PALM BEACH POLICE PENSION FUND, individually and on behalf of all others similarly situated,

                        Plaintiff,

       v.

SELECTQUOTE, INC., et al.,

                        Defendants.

21 Civ. 8279 (AKH)
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The above putative securities class actions each allege that Defendants, a direct-to-consumer insurance distribution company known as SelectQuote and its directors and officers, made materially false and misleading statements, and also failed to disclose material adverse facts about SelectQuote, including the company's financial metrics, sustainability, and growth in China. The Complaints seek relief on behalf of all purchasers of shares of SelectQuote during two different proposed class periods, pursuant to the Exchange Act and Securities Act. Now before me are two competing motions: one seeks to consolidate these actions pursuant to Federal

1

Rule of Civil Procedure 42(a), and both seek to appoint the respective movants as lead plaintiff and lead counsel pursuant to the Exchange Act. *See* ECF Nos. 12, 14.[1]

## DISCUSSION

### I. Consolidation

Consolidation is warranted. The actions assert violations under identical provisions of the Exchange Act regarding analogous facts and similar parties; both the Hartel Complaint and the West Palm Beach Police Pension Fund (WPBPPF) Complaint assert claims under Sections 10(b) and 20(a) of the Exchange Act, [2] though the WPBPPF Complaint also asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act. Additionally, consolidation will avoid needless cost and delay. *See Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced.") (quotation marks omitted); *see also* Fed. R. Civ. P. 42(a).

In the briefs submitted in connection with the various motions to appoint a lead plaintiff and approve counsel, no party opposed consolidation. However, the UA Local 38 Group did argue that the West Palm Group would be subject to unique standing defenses if I were to adopt the shorter *Hartel* class period. At this stage of the litigation, that is not a reason the two cases should not be consolidated, especially given that judicial economy favors consolidation. Accordingly, cases No. 21 Civ. 6903 and No. 21 Civ. 8279 are consolidated for

---

[1] Initially, three individuals or groups of individuals sought appointment as lead plaintiff. One of those parties, Jerry Ogden, withdrew his motion for consolidation, appointment as Lead Plaintiff, and approval of counsel. *See* ECF No. 20. Accordingly, the Clerk shall terminate ECF No. 9.
[2] Both Complaints assert claims under Rule 10b-5 promulgated pursuant to Section 10(b) of the Exchange Act.

all purposes and shall proceed under the name *In re SelectQuote, Inc. Securities Litigation* and under docket number 21 Civ. 6360.

## II.     Lead Plaintiff and Counsel

The PSLRA instructs courts to "appoint as lead plaintiff" the party or parties "most capable of adequately representing the interests" of the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. at § 78u-4(a)(3)(B)(iii)(I). As to financial interest, "courts have consistently held that . . . the magnitude of the loss suffered[] is most significant." *Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *4 (S.D.N.Y. Mar. 29, 2019). And as to Rule 23, "at this early stage of litigation," only "typicality and adequacy[] are pertinent." *Id*. at *5.

Two sets of parties—the UA Local 38 Group and the West Palm Group—argue in favor of their respective appointments as lead plaintiff and counsel, and in opposition to the appointment of the other movants. No party makes a substantial argument that either law firm cannot provide effective class counsel.[3] However, the Movants suggest two different class periods. The UA Local Group proposes a class period beginning on February 8, 2021, the day on which SelectQuote issued certain financial reports. The West Palm Group proposes a class

---

[3] Although the UA Local 38 Group identifies an error in Fort Lauderdale P&F's certification, noting that P&F omitted a pending lead plaintiff motion in another case, the error has since been corrected. In any case, a minor error of such a nature is not sufficient to call into question the adequacy of counsel or "strike at the heart" of the Rul 23 requirements. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015).

period beginning on May 20, 2020, the day on which SelectQuote conducted its initial public offering (the "Offering"). Both movants agree that the class period should end on May 11, 2021, when SelectQuote reported certain financial results held a conference call to discussing its lower-than-projected financials, but the UA Local 38 Group asserts the West Palm Group will be subject to unique standing defenses.

The West Palm Group alleges that SelectQuote, its officers, and directors knew before the Offering that SelectQuote was experiencing lower than expected renewal rates for its 2019 cohort of insurance plans, such that the actual renewal rates were falling below the estimated future renewal commissions SelectQuote had already recognized as revenue. *See* 21 Civ. 8279 Compl., ECF No. 1, ¶ 9. Even if a shorter class period is adopted later in the litigation, that is insufficient to render the West Palm Group an inadequate lead plaintiff at this stage of the litigation. *See In re Centerline Holding Co. Sec. Litig.*, 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008). At this stage, I decline to look to hypothetical future developments. Accordingly, the West Palm Group is the most appropriate lead plaintiff for the class period it suggests.

## CONCLUSION

In consideration of the foregoing reasons, in conjunction with (1) the Motion filed by the West Palm Beach Police Pension Fund ("West Palm Beach Police") and the City of Fort Lauderdale Police & Fire Retirement System ("Fort Lauderdale P&F") for appointment as Lead Plaintiff, approval of their selection of Lead Counsel, and consolidation of the above-captioned related actions; (2) the Memorandum of Law in support thereof; (3) the Declaration of Hannah Ross in support thereof; and (4) all other pleadings and argument submitted to this Court; and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1. West Palm Beach Police's and Fort Lauderdale P&F's Motion is **GRANTED.**

2. West Palm Beach Police and Fort Lauderdale P&F are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above captioned securities class actions and all related actions consolidated pursuant to paragraphs 4 and 5, below.

3. West Palm Beach Police's and Fort Lauderdale P&F's selection of Lead Counsel is APPROVED, and Bernstein Litowitz Berger & Grossmann LLP is **APPOINTED** as Lead Counsel for the Class.

4. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"), *West Palm Beach Police Pension Fund v. SelectQuote, Inc.*, No. 1:21-cv-08279-UA (S.D.N.Y.), is consolidated with *Hartel v. SelectQuote, Inc.*, No. 1:21-cv-06903-AKH (S.D.N.Y.) (collectively, the "Consolidated Action").

5. In accordance with Rule 42(a), any pending, subsequently filed, removed, or transferred actions that are related to the claims asserted in the Consolidated Action are **CONSOLIDATED** for all purposes.

6. The Consolidated Action shall be captioned *In re SelectQuote, Inc. Securities Litigation*, and the file shall be maintained under Master File No. 1:21-cv-06903-AKH.

7. The parties shall meet and confer and, by October 3, 2022, submit a joint letter to the Court with a proposed schedule for this case, including a proposed timeline for filing of a consolidated amended complaint.

8. The Clerk shall terminate ECF Nos. 9, 12, and 14.

SO ORDERED.

| | | |
|---|---|---|
| Dated: | September 2, 2022<br>New York, New York | ___/s/ Alvin K. Hellerstein_____<br>ALVIN K. HELLERSTEIN<br>United States District Judge |